FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

1:16·CV-3521-SCJ-CMS
OCT 17 2016
JAMES N. HATTEN, CLERK
By:
Deputy Clerk

## AFFIDAVIT SUPPORTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28U.S.C.2241

Personally appeared the undersigned affiant, Andrey Matveychuk, who on oath, states that to best of the affiant's knowledge and based on information currently in his possession, the foregoing is true and accurate:

A. This affidavit has become necessary because the jail will not allow affiant to make any copies to attach to his habeas petition. Requests were made numerous times, both verbal and written, and have been denied.

B. Affiant mailed out a petition for writ of habeas corpus on January 19, 2016. It was court stamped January 22, 2016. The court stamp was then crossed out and the petition was returned with a letter stating that the petition is not on the correct forms. Affiant received the letter on January 29, 2016

C. Affiant mailed out another emergency petition for writ of habeas corpus. Once again the clerk of court returned the petition with a letter dated February 18, 2016. Once again the letter stated that the petition is not on correct forms. Affiant received the letter February 20, 2016.

D. (1) Affiant re-mailed, on February 22, 2016, the exact same paperwork as was submitted on February 16, 2016 and attached a letter to the clerk of court. The letter stated that in accordance to the information I have access to the submission is proper. It also stated that the law library, at the jail, does not have any forms for a pretrial petition. Additionally, it asked the clerk of court to mail me the forms that are required for the submission. Clerk of court accepted the petition and file stamped it on February 24, 2016. Even though the petition clearly identified itself as a civil action, the clerk of courts filed it to criminal case # 15-B-01866-9.

(2) On March 7, 2016, Judge Tom Davis mailed, to the affiant, a letter stating that a hearing will be held on March 22, 2016 for the emergency petition for writ of habeas corpus. Affiant received the letter on March 10, 2016.

(3) Affiant was brought to court for the hearing on the petition on March 22, 2016. Prior to holding the hearing, the petition was dismissed by the court. The reasons given for the dismissal, in open court, are as follows:

    (a) Petitioner is represented by counsel.

    (b) Petition was improperly submitted.

(4) Court issued an order of dismissal, for the petition, on March 30, 2016. Neither the affiant nor his counsel received a copy of the order (as is indicated in the order). The affiant did finally receive a copy of the order, from his counsel (who got it from the file at the clerk of court's office), on September 26, 2016.

(5) The above court order does give the same reasons for dismissal as were given in open court. The affiant would like to point out that a Petition for Writ of Habeas Corpus is a civil action (as was indicated on the Petition), that was drafted pro se, and does not require counsel. Affiant was represented by counsel on the criminal case and therefore said counsel had no claim in representing the affiant in the civil action. Also, it was the clerk of court who erred in applying the Petition to the criminal case and not the affiant.

E. Not receiving the order from the prior habeas petition, the affiant drafted another Emergency Petition for a Writ of Habeas Corpus by a person in state pretrial detention and mailed it out on May 5, 2016. Once more the clerk of court returned the Petition with a letter dated May 9, 2016. Once more the letter stated that the Petition is not on correct forms. Affiant received the letter May 12, 2016.

F. Affiant wrote a letter to his prior counsel, Rodney Zell (who is a habeas attorney), asking him to send to the affiant the necessary forms to file a pretrial state habeas. Mr. Zell sent back a letter, dated May 16, 2016, stating that he does not have such forms. He also stated in the letter that "the judge was clear he was not going to let you out on bond".

G. On May 25, 2016, the affiant re-mailed the exact same paperwork as was submitted on May 5, 2016 and attached a letter to the clerk of courts. The letter stated that my submissions have been proper and in accordance to the attending documents of the Law Library of the jail. I noted that I have made numerous requests (both verbal and written) to the Law Library and they do not have any other forms. I informed the clerk of court that if there are other forms I do not have access to them and asked the clerk's office to mail them to me. Again, the

clerk of court returned the Petition with a letter dated May 31, 2016. Again, the letter stated that the Petition requires appropriate forms. No forms were sent with the rejection. Affiant received the letter June 4, 2016.

H. Affiant had his family obtain a copy of Hood v Carston (case #96-A-1452-5) from the clerk of courts office in Gwinnett County Superior Court. Upon review of the well known Petition, Affiant found it to be in the exact format as the ones that he submitted to the court.

I. Affiant would also like to point out the inconcistant rulings of the state court that show bias and malice intent toward affiant. They are as follows:
   (1) On May 8, 2015, the state failed to contact affiant's attorney so that he could be present at the bond revocation hearing. Despite the fact of having counsel, the court forced affiant to proceed pro se (see court transcript for May 8, 2015). Later the court blamed affiant for proceeding pro se even though there was no better option offered.
   (2) Court orders issued on May 8, 2015, June 22, 2015 and January 14, 2016 were contrary to the law and failed to state any violation of bond nor any facts relied upon by the court.
   (3) Court orders issued on January 14, 2016 and February 11, 2016 did not list all the motions submitted to the court by the affiant. Also both orders clearly state that affiant "is not authorized to represent himself and also be represented by an attorney". The motions submitted by affiant sought relief and asked the state court to compel counsel. The lack of action by the court allowed said counsel to steal $22,500 from the affiant and his family. The courts rulings are inconcistant with the ruling issued on May 8, 2015 which allowed affiant to represent himself while represented by counsel.

The above clearly shows that the affiant has made every attempt in getting state relief and therefore has more than exhausted his state remedies. Furthermore, the state court did not hold authority, venue, nor jurisdiction in the orders that it issued and that are now being challenged by the affiant. This affidavit thereby supports and makes the submission of Habeas Corpus under 28 U.S.C. §2241 both proper and applicable.

Andrey Matveychuk
2900 University Parkway
Lawrenceville, GA 30043

Sworn to before me this
11 day of Oct, 2016

Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Andrey Matveychuk,
    Petitioner

Civil Action Number

v

R.L. Butch Conway (Sheriff),
    Respondent

## CERTIFICATE OF SERVICE

I hereby certify service of the enclosed affidavit to the clerk of District Court, via U.S. Mail, with adequate amount of copies to be distributed by the clerk's office, to all involved parties.

Respectfully submitted, this 11th day of October, 2016.

2900 University Parkway
Lawrenceville GA 30043

Andrey Matveychuk